**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| SELECT REHABILITATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY CARE CENTER OF MARK TWAIN, INC. d/b/a Mark Twain Manor,<br>Serve Registered Agent:<br>Christina M. Giardina<br>437 Sovereign Ct.,<br>Ballwin, MO 63011<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. __________________________ |

**COMPLAINT**

Plaintiff, Select Rehabilitation, LLC ("Select"), states as follows for its Complaint against Defendant, Community Care Center of Mark Twain, Inc. d/b/a Mark Twain Manor ("Mark Twain" or "Defendant").

**NATURE OF THE ACTION**

1. This action arises out of Defendant's failures to pay for therapy services provided by Select to residents of the nursing facility operated by Defendant as set forth below.

**THE PARTIES**

2. Select is a Delaware limited liability company with its principal place of business in Glenview, Illinois. Select's sole member is SRI Intermediate LLC, a Delaware limited liability company with its principal place of business in Illinois. SRI Intermediate LLC's sole member is SRI Holdings, LLC, a Delaware limited liability company. SRI Holdings, LLC's sole member is SRI Parent Corp., a Delaware corporation with its principal place of business in Illinois. Thus, for diversity

purposes Select is a citizen of Delaware and Illinois. Select provides therapy services to residents of long-term care and skilled nursing facilities.

3. Defendant is a Missouri corporation. Defendant operates a nursing facility located at 11988 Mark Twain Lane, Bridgeton, MO 63044 (the "Facility"). Defendant is incorporated in Missouri and has its principal place of business in Missouri. For purposes of federal diversity jurisdiction, Defendant is a citizen of Missouri. Defendant may be served through its registered agent, Christina M. Giardina, 437 Sovereign Ct., Ballwin, MO 63011.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship of the parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. This Court has personal jurisdiction because Defendant is a citizen of this state, transacts business in this state, and is incorporated in this state.

6. Venue is proper in this Court because the actions giving rise to this dispute occurred in this judicial district.

## COUNT I – BREACH OF CONTRACT

7. Defendant entered into a Therapy Services Agreement as modified from time to time (the "Agreement").[1]

8. Pursuant to the Agreement, Select provided therapy services to residents of the Facility. Select performed all obligations required of it under the Agreement, submitted monthly invoices, and otherwise satisfied all conditions precedent to payment.

---

[1] The Agreement contains confidential information, including pricing information, and, thus, has not been attached to the Complaint. Defendant has a copy of the Agreement. Unredacted copies can be provided to the Court and Defendant upon request and subject to appropriate confidentiality protections.

9. Pursuant to the Agreement, Defendant is obligated to pay for the services provided by Select.

10. Pursuant to Section 2 of the Agreement, Defendant "agrees to pay Select Rehab within ninety (90) days after receipt by [Defendant] of invoices."

11. As of the date of this Complaint, there is a past due balance owed to Select from Defendant in the principal amount of $634,530.80 plus any unbilled time for therapy services provided by Select and accepted by Defendant, plus interest, costs, and expenses, including attorneys' fees.

12. Despite repeated demands for the sums due and owing under the Agreement, Defendant has failed and refused to pay for services provided by Select. The outstanding balance is accruing interest pursuant to the terms of the Agreement.

13. Select has conferred with Defendant numerous times regarding the outstanding invoices for services provided and amount past due and made repeated demands for payment.

14. Upon information and belief, Defendant has been reimbursed by Medicare or other third-party payors for all or a significant portion of the services provided by Select and has directly or indirectly benefitted from such reimbursement.

15. The Agreement is a valid and enforceable contract.

16. Without legal justification or excuse, Defendant materially breached the Agreement with Select by failing to perform its obligations thereunder.

17. As a direct and proximate result of Defendant's breaches of the Agreement, Select has suffered damages.

18. Pursuant to Section 2 of the Agreement, "[i]f any amount is not paid when due under this Section 2, [Defendant] shall pay Select Rehab interest on such amount equal to one and five-tenths percent (1.5%) per month or the maximum rate allowed by law if less. Such interest will accrue

from the due date of any such payment and will continue to accrue until receipt of such payment by Select Rehab."

19. Pursuant to Section 15 of the Agreement, "[i]n the event of the commencement of suit to enforce any of the terms or conditions in this Agreement, the prevailing party in such litigation shall be entitled to recover such sum as the court may fix as attorneys' fees."

20. Select has incurred attorneys' fees and other costs in preparing and filing this action, all of which are the responsibility of Defendant. Select is likely to incur substantial additional attorneys' fees as this case is litigated and prepared for trial, which also shall be the responsibility of Defendant.

21. Pursuant to Section 2 of the Agreement, "In accounting for any claims for payment for Services performed by [Select], [Defendant] agrees and covenants any reimbursement received by [Defendant] related to such Services shall be applied to the oldest outstanding unpaid invoice claim of [Select]."

22. Thus, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Defendant as reimbursement by Medicare for therapy services provided by Select, plus interest, costs, and attorneys' fees.

## COUNT II – UNJUST ENRICHMENT

23. In the alternative to Count I, Select asserts this claim for Unjust Enrichment.

24. Except to the extent inconsistent with the relief requested in this Count, Select incorporates by reference each and every allegation set forth above.

25. Select has provided valuable services to Defendant for which it has not been paid.

26. Select's services were rendered under circumstances pursuant to which Defendant reasonably should have expected Select would expect to be compensated.

27. Defendant has knowingly and willingly received, or will receive, reimbursement by Medicare and/or other third-party payors, directly or indirectly, for services provided by Select and has wrongfully and intentionally withheld or will withhold such amounts from Select.

28. Consequently, Defendant has been unjustly enriched through the receipt of such services and at the expense of Select.

29. Furthermore, Defendant has a legal and fiduciary duty to immediately remit proceeds received in reimbursement from Medicare to Select if it has not timely paid invoices for services provided by Select.

30. For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Defendant as reimbursement by Medicare for therapy services provided by Select, plus interest, costs, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Select requests judgment against Defendant as follows:

A. An award of damages in an amount to be proved at trial;

B. Select's costs, expenses, and attorneys' fees associated with prosecution of this action;

C. The imposition of a constructive trust on sums received by Defendant as set forth herein;

D. Pre-judgment and post-judgment interest; and

E. All other relief to which Select may be entitled.

Dated: May 13, 2025

Respectfully submitted,

By: */s/ Kyle P. Seelbach*
Kyle P. Seelbach #60382(MO)
HUSCH BLACKWELL LLP
8001 Forsyth Blvd., Suite 1500
St. Louis, MO 63105-3441 60603
Telephone: (314) 480-1800
Fax No.: (314) 480-1505
kyle.seelbach@huschblackwell.com

***Counsel for Plaintiff Select Rehabilitation, LLC***