UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SELECT REHABILITATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY CARE CENTER OF MARK TWAIN, INC., d/b/a Mark Twain Manor,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:25 CV 688 CDP |

**MEMORANDUM AND ORDER**

Plaintiff Select Rehabilitation, LLC, and defendant Community Care Center of Mark Twain, Inc., d/b/a Mark Twain Manor, entered into a contract whereby Select Rehab would provide therapy services to residents of defendant's Mark Twain Manor nursing facility. When Mark Twain failed to pay all amounts due, this collection case resulted.

Mark Twain has not responded to Select Rehab's motion for summary judgment, nor has it responded to Select Rehab's accompanying Statement of Uncontroverted Facts. Under E.D. Mo. Local Rule 4.01(E), therefore, all facts set forth in that document are deemed admitted. Additionally, defendant's designated corporate representative testified that there were no services reflected on the relevant invoices that were not performed, and that she was not aware of any way

in which Select Rehab failed to perform under the contract. Defendant has presented nothing in defense, there are no contested facts, and plaintiff Select Rehab is entitled to summary judgment as requested.

**Uncontested Facts**

Select Rehab is in the business of providing therapy services to residents of long-term care and skilled nursing facilities. At all relevant times, defendant operated a facility in Bridgeton, Missouri, known as Mark Twain Manor. In July of 2012, Select Rehab and defendant entered into a Therapy Services Agreement, which provided that Select Rehab would provide physical, occupational, and speech-language therapy services to residents of Mark Twain Manor; and defendant would pay the charges for those services within ninety (90) days of receipt of the invoices. ECF 42-2, Agrmt. at pp. 1-2 (header pp. 6-7).

Select Rehab provided the services as required by the contract, but defendant failed to pay for all the services provided. Despite discussions and reassurances that the outstanding invoices would be paid, defendant has failed to pay Select Rehab the principal amount of $678,198.39. ECF 42-2, Shanks Decl. at p. 2 (header p. 3). Christina Giardina, President of Community Care Center of Mark Twain, Inc., who was also designated as the person to speak on behalf of the defendant under Rule 30(b)(6), Fed. R. Civ. P., testified that defendant does not dispute the amount owed, nor does defendant dispute that Select Rehab provided

the services for which it billed defendant. ECF 42-1, Giardina dep. at p. 7, *l.* 21 to *l.* 22; p. 47, *l.* 14 to p. 48, *l.* 12; p. 56, *l.* 18 to *l.* 20.

The Agreement provides that if defendant fails to make any payment when due under the Agreement, defendant shall pay interest to Select Rehab at the amount of 1.5% per month, accruing from the due date until receipt of the payment. ECF 42-2, Agrmt. at p. 2 (header p. 7). Prejudgment interest owed through June 15, 2026, was $378,607.06. ECF 42-2 at header pp. 19-21. Interest has accrued at the per diem rate of $354.22 from June 15, 2026, until today, *id.*,[1] – that is, for 78 days – so the amount of additional interest accrued is $27,629.16. The total amount of interest accrued through today's date is $406,236.22.

Section 15 of the Agreement provides that the prevailing party in an action under the contract is entitled to recover its attorney's fees. ECF 42-2, Agrmt. at pp. 7-8 (header pp. 14-15).

**Discussion**

This Court has diversity jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. The actions giving rise to this dispute occurred in this jurisdiction and Missouri law applies.

In determining whether to grant summary judgment, I must view the facts

[1] *See also* ECF 42, Statement of Uncontroverted Material Facts at ¶ 11.

and any inferences from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The movant bears the burden of establishing that (1) it is entitled to judgment as a matter of law and (2) there are no genuine issues of material fact. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party may not rest on the allegations in its pleadings but must, by affidavit or other evidence, set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c)(1), (e).

Under Missouri law, the elements of a breach of contract claim are: "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Bell v. Shelter Gen. Ins. Co*., 701 S.W.3d 614, 618 (Mo. banc 2024) (quoting *Keveney v. Missouri Military Acad.*, 304 S.W.3d 98, 104 (Mo. banc 2010)).

The facts in this case are undisputed. The parties entered into an agreement whereby plaintiff would provide therapy services to residents of defendant's facility, plaintiff performed under that agreement, defendant breached the agreement by failing to pay the amounts due, and plaintiff was damaged by that breach. Defendant has raised no defenses going to plaintiff's performance, to defendant's liability, to the validity of the agreement, or the amounts owed.

Plaintiff is entitled to recover as damages the principal amount of $678,198.39, along with prejudgment interest in the amount of $406,236.22, and its reasonable attorney's fees. Under E.D. Mo. Local Rules 8.02 and 8.03, plaintiff must file its motion for attorney's fees and bill of costs no later than twenty-one (21) days from entry of judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment [40] is **GRANTED**, and plaintiff Select Rehabilitation, Inc., shall have judgment against defendant Community Care Center of Mark Twain, Inc., in the amount of $1,084,434.61, plus attorney's fees and costs.

**IT IS FURTHER ORDERED** that defendant's motion for protective order [33] is denied as moot.

A separate Judgment is entered this same date.

Catherine D Perry

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of September, 2026.